GEORGE RADICK *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

AUGUST 17, 1956.

PRESENT: Flynn, C.J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for certiorari to review the decision of the zoning board of review of the town of East Providence granting an application for a permit under the zoning ordinance of said town. Pursuant to the writ the pertinent records have been certified to this court. It appears therefrom that on December 1, 1955 the Pacific Realty, Inc., the owner of a parcel of land in a commercial district in East Providence at one of the corners made by Willett avenue and Metropolitan Park Drive, applied for a permit to erect a gasoline station on that parcel. The application was made in the name of the realty company to comply with the board's rule that the holder of an option to buy cannot apply for a permit. The holder of the option, Ernest A. Trahan, however, assumed the prosecution of this application.

The testimony was taken stenographically and by agreement of the parties it was substituted for the official record which, however, in the main is a duplicate of the transcript. The petitioner did not testify. The minister of a nearby church was called as a witness, presumably to prove that the entrance to his church was within 200 feet of the property in question, but he failed so to testify. In fact the entrance is on a side street, and at the hearing counsel for petitioner admitted this point was of little significance here. Persons operating or interested in three other gasoline stations located at this corner opposed the application and voiced the obvious objections of competitors. The president of the Kent Corners Improvement Association opposed the granting of this permit on the ground that there are enough problems at that corner without adding another. His main

objection was that the increased traffic would endanger children at that location.

The option holder made a strong plea for the granting of the application, since it would give him a station of his own, and the evidence showed he was a good businessman. Roy S. Dexter, who was in the outdoor sign business, testified that in his opinion the proposed station would not create any greater traffic problem at this corner than many other businesses which could be located there, and in fact would be much better than some. He also expressed the opinion that this modern station would, in the long run, be an asset to the community. On cross-examination he said: "Let's face it, there are stations on that corner that are hardly what you would call a gas station in today's class." A real estate man testified that the station would do little damage to property values in that area, and that if it were well kept it would be helpful to that corner. The plans call for an up-to-date station.

The board granted the petition saying: "After lengthy discussion, the majority of members felt that there was no additional hazard. No substantial or permanent injury to the neighborhood property and that it is in the interest and general convenience and welfare of the people in the surrounding community that this petition be granted. The members of the Board are acquainted with this prospective location and have used their knowledge of the conditions in this location in arriving at this conclusion."

The specific grounds for relief alleged in the petition are: First, that there was no evidence before the board showing that the public welfare and convenience would be substantially served; second, that the appropriate use of neighborhood property would not be substantially or permanently injured; and third, that the board acted arbitrarily.

The zoning ordinance provides that no gasoline station may be erected without a special permit granted by the board and that said board in acting upon such an applica-

tion shall be governed by the provisions of the ordinance relative to exceptions, which require findings that the granting thereof would serve public welfare and convenience and would not substantially or permanently injure the appropriate use of neighboring property. There was evidence tending to show that the lot was in a commercial zone; that this modern station would be for the public welfare and convenience; and that the surrounding properties, which are devoted mostly to business, would not be substantially or permanently injured by its erection. From our examination of the record we cannot say that the board abused its discretion.

In his brief petitioner argued that this was an application for a variance and therefore required a finding of undue hardship. Such, however, is not the case, since it is clearly an exception and was so treated by all concerned.

There remains for consideration the argument advanced in the petitioner's brief and suggested in the petition, but not made in oral argument, namely, that since the proposed station was to be located within 100 feet of petitioner's property, which is in a residence district, the board had no power to grant the permit. Section 9 of the zoning ordinance contains the following paragraph:

"D. Filling stations. No filling station shall be erected within 100 feet of a dwelling house or apartment house district or within 200 feet of an entrance or exit of a public or private school, playground, public library, church, hospital, orphanage or children's home existing at the time of the passage of this ordinance; provided that the Zoning Board of Review may on application and after public notice and hearing, and subject to such conditions and safeguards as said board shall deem necessary in the public interest, authorize the erection of a filling station in *such* districts." (italics ours)

Taken literally this paragraph means that while a gas station cannot be located within 100 feet of a residence or apartment house district the board may allow one to be

located *in* such districts. The preceding paragraph prohibits certain uses in a particular district, but then proceeds to grant the board authority to allow such uses in "such district." When the draftsman came to paragraph "D" he followed the structure of the preceding paragraph but failed to realize that the prohibitions of paragraph "D" did not apply to districts but to areas, *i. e.*, the 100 and 200 foot areas. In order to avoid an absurd result which, in the construction of statutes and ordinances is to be avoided if possible, we are satisfied that we should construe the word "districts" at the end of paragraph "D" to mean "areas."

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the board with our decision endorsed thereon.

*Kenneth M. Beaver*, for petitioner.

*Sarkis Tatarian*, Town Solicitor, *Thomas F. Vance*, for respondent.