156 A.2d 210 (1959)
G. Irving PARKER et al.
v.
ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.
M. P. No. 1287.
Supreme Court of Rhode Island.
December 9, 1959.
*211 William F. Fidalgo, East Providence, for petitioners.
Sarkis Tatarian, City Solicitor, East Providence, for respondent.
CONDON, Chief Justice.
This is a petition for certiorari to review a decision of the zoning board of review of the city of East Providence denying the petitioners' application for a variance or exception under the zoning ordinance to erect a gasoline filling station on lots numbered 13, 14 and 15 on assessor's plat No. 37, located on the easterly side of Pawtucket avenue between David and Case streets in a business "C" district. Pursuant to the writ the pertinent records have been certified to this court.
The board denied the application on the ground that the evidence did not prove that the convenience and welfare of the public would be served by such a station at the location in question and on the further ground that all the abutting owners objected thereto. The petitioners contend *212 that such proof is not required where the location is in a business "C" district. They also argue that in any event the record shows there was substantial evidence that the proposed gasoline station would serve the public interest and would not devalue surrounding property. And they point out that the only evidence opposed thereto was the mere statements of certain neighboring landowners that they objected to the granting of an exception or a variance. The petitioners insist that on such evidence the board acted arbitrarily and abused their discretion in denying the application.
The board claim wide discretionary power to grant or deny a permit to erect and operate a gasoline filling station in any district, and they base their claim on the provisions of chapter 43, section 5A and sec. 5, subpar. D, as amended by chap. 159, adopted May 2, 1950, and sec. 15, subpar. B, of the Zoning Ordinance of 1929.
The pertinent portions of sec. 5A "Special Permit Uses" are:
"A. General. Within the town no building or premises shall be used, and no building shall be erected which is arranged, intended or designated to be used, for any of the following uses, except on special permit as provided in paragraph (1) of sub-section B, section 15, of this Chapter:
* * * * * *
"(4) Electric sub-station. Gasoline or other motor fuel station. Boat repair shop."
Section 5, subpar. D, reads as follows:
"Filling stations. No filling station shall be erected within 100 feet of a dwelling house or apartment house district or within 200 feet of an entrance or exit of a public or private school, playground, public library, church, hospital, orphanage or children's home existing at the time of the passage of this ordinance; provided that the Zoning Board of Review may on application and after public notice and hearing, and subject to such conditions and safeguards as said board shall deem necessary in the public interest, authorize the erection of a filling station in such districts."
Section 15, subpar. B, reads:
"Special exceptions. When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows * * *."
Apparently under the ordinance as amended a gasoline filling station is no longer a permitted use in a business "C" district as it was prior to the adoption of chapter 159. Thereafter such a use in any district was unlawful without a special permit from the zoning board. And before a permit could be lawfully granted an applicant therefor had to satisfy the board that the public convenience and welfare would be substantially served and neighboring property would not be substantially or permanently injured by such use. Therefore in the case at bar it was incumbent upon petitioners to present evidence to the board that would meet those requirements. Whether such evidence was sufficient to satisfy the board rested in their discretion.
Unless it appears to us that they abused such discretion in passing judgment upon the sufficiency of the evidence, we will not disturb their decision. After considering the evidence we cannot say that the board abused their discretion in finding that it did not indicate to them that the proposed gasoline filling station would serve the public convenience and welfare. *213 In reaching this conclusion we have given no weight to the second ground of the decision, namely, "That all of the abutting residential property owners objected" to the granting of the application. If the board's decision rested solely on such ground we would have no hesitancy in holding that it would be an abuse of their discretion. A mere poll of the neighboring landowners does not serve to assist the board in determining whether the exception applied for is consistent with the public convenience or welfare or whether it will tend to devaluate the neighboring property. Jacques v. Zoning Board of Review, 64 R.I. 284, 12 A.2d 222; Sundlun v. Zoning Board of Review, 50 R.I. 108, 145 A. 451.
With reference to whether the board erred in not granting a variance, we are of the opinion that petitioners' evidence fails completely in that respect. In fact it does not appear from their brief that they relied upon that ground although they had applied for a variance or an exception.
We have made no comment on sec. 5, subpar. D, since it did not appear to us that the board's decision in anywise rested thereon. If it had we would have been forced to repeat the construction of such section which we made in Radick v. Zoning Board of Review, 84 R.I. 472, 125 A.2d 105. The apparent absurdity inherent in the language of that provision, which we pointed out in that case, might well be corrected by local legislation in any future revision of the zoning ordinance.
We may also add that in our opinion this exclusion of a gasoline filling station as a permitted use in any zone even of the lowest class except with the special permission of the zoning board goes to the very verge of an invalid exercise by the city council of the power granted to it under the enabling act. Although its validity has not been attacked in the case at bar, conceivably it could be if the provision is not applied by the board with strict fairness and impartiality and with the clear understanding always that a gasoline filling station is a legitimate business. As we have heretofore said, it is not a nuisance per se and may not be treated as such in the guise of regulating land use under the zoning law.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which have been certified to this court are ordered returned to the respondent with our decision endorsed thereon.