217 A.2d 667.

FRANK J. ZITO *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

MARCH 21, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

JOSLIN, J. This petition for certiorari is brought by certain remonstrants to review a decision of the zoning board of the city of Cranston, one member dissenting, granting an application for an exception to the zoning ordinance to permit the construction of a store for retail trade, viz., a drugstore, and a parking lot on a tract of land situated in part in an Apartment E district and partly in a Dwelling D district. The writ issued and the pertinent records have been certified to this court.

The applicants sought an exception under sections 30-28(b) (1), 30-28(b) (8) and 30-28(b) (9) of the 1964 Cranston City Code. Each of those sections is separate and distinct from the other and each affords an alternative ground upon which an applicant may seek and the board predicate relief. Because in our judgment there was evidence of probative force upon which the board could and did find the applicant entitled to relief under sec. 30-28(b) (8), we consider the grant of the exception as if it were premised solely on that section. It provides:

> "(b) *Special exceptions.* When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:
> * * *
> "(8) In any district any use or building deemed by the board of review to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such district."

The petitioners challenge the board's jurisdiction to grant an exception under that section. They concede that the limitations therein fixed upon the board's power to act affirmatively would be adequate if the city council had set forth in the ordinance the specific uses for which an exception could be granted. They argue, however, that the local legislative body in substance delegated the authority reserved to it under the enabling legislation to regulate land uses by permitting the board to exercise that authority in favor of "any use or building" deemed by it to be harmonious with the neighborhood and appropriate to the uses or buildings authorized in the district. This is not the first time we have passed on such a challenge. In *Barbara Realty Co.* v. *Zoning Board of Review*, 87 R. I. 100, this same provision and in *Woodbury* v. *Zoning Board of Review*, 78 R. I. 319, a similar one were attacked. We found in those cases that the standards established in the ordinance sufficiently restricted the board's power to act affirmatively so that it could not exercise the complete power which the state legislature had vested in the municipal governing body. No convincing reason having been advanced why we should overrule those cases, we reject the challenge made here and find that the board had authority to entertain and grant an application for an exception under sec. 30-28(b)(8).

A further contention of petitioners is that the evidence in this case is not sufficient to sustain the board's findings that the applicants met the standards and limitations prescribed in the ordinance for the grant of an exception. Our inspection of the record indicates otherwise. It discloses competent evidence which satisfies the existence of each of the conditions precedent set out in the ordinance. Nothing more is required. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108; *Klowan* v. *Zoning Board of Review*, 99 R. I. 252, 207 A.2d 42; *Fitzgerald* v. *Board of Review*, 99 R. I. 221,

206 A.2d 635. We refrain from detailing the record evidence on the pertinent issues because to do so would neither enhance this opinion nor add anything to the body of the law.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered sent back to the respondent board with our decision endorsed thereon.

*Robert J. McOsker*, for petitioner.

*Jeremiah S. Jeremiah, Jr.*, Assistant City Solicitor, for respondent.

*Joseph R. DiStefano*, for applicants.