## SECOND DEPARTMENT, APRIL, 1966

### (April 4, 1966)

■ CORD MEYER DEVELOPMENT COMPANY et al., Appellants, v. BELL BAY DRUGS, INC., et al., Respondents.— In an action by the owner of a shopping center and by a tenant therein which operated a regular, commercial pharmacy, against the owner of a building containing medical offices and a regular, commercial pharmacy and against the tenant which operated said pharmacy in said building to enjoin defendants from violating the Zoning Resolution of the City of New York by operating a regular, commercial pharmacy, as distinguished from an ethical pharmacy operated primarily to serve tenants and the patients of tenants in said building, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 17, 1965 upon the court's formal decision after a nonjury trial, which dismissed the complaint on the merits. Judgment reversed on the law, with costs, and new trial granted. No questions of fact have been considered. The defendants are substantially in the same ownership. On or about October 1, 1963, defendant tenant opened a regular, commercial drug store or pharmacy on the ground floor of the new building owned by defendant landlord. On or about that date, medical offices in said new building were occupied by two dentists, who owned and controlled defendants, and by a physician. Apparently those medical offices were primarily on or were on the second floor. Said pharmacy was diagonally across the street from a parking lot and theatre owned by plaintiff landlord. Pursuant to a lease executed by plaintiffs in 1958, plaintiff tenant had been operating a regular, commercial drug store in the shopping center since 1960. It was alleged in the complaint that the lease executed by plaintiffs provided, among other things, for a fixed rental, plus a percentage rental, based on the volume of gross business. The primary issue now before us is whether the operation of defendants' pharmacy and building violated the Zoning Resolution of the City of New York. The building is in a residence use district. Pharmacies are not generally permitted in residence districts. Section 22-14 of the Zoning Resolution permits " Use Group 4 " in residence districts. Use Group 4 " consists primarily of community facilities." Use A of Use Group 4 authorizes medical " offices or group medical centers, including the practice of dentistry or osteopathy, limited to a location below the level of the first story ceiling, except * * *." Use C of Use Group 4 authorizes " Accessory Uses ". Section 12-10 of the Zoning Resolution (which contains definitions) defines

accessory use as follows: "(a) Is a use conducted on the same zoning lot as the principal use to which it is related (whether located within the same or an accessory building or other structure, or as an accessory use of land), except * * * and (b) Is a use which is clearly incidental to, and customarily found in connection with, such principal use; and (c) Is either in the same ownership as such principal use, or is operated and maintained on the same zoning lot substantially for the benefit or convenience of the owners, occupants, employees, customers, or visitors of the principal use." Defendants contend that the operation of the pharmacy was lawful as an accessory use pursuant to sections 22-14 and 12-10 of the Zoning Resolution and that said pharmacy did not violate the Certificate of Occupancy. In our opinion, the operation of defendants' pharmacy was not lawful as an accessory use (cf. *Matter of New York Ambassador* v. *Board of Stds. & Appeals,* 281 App. Div. 342, affd. 305 N. Y. 791; *Matter of La Vecchia* v. *Board of Stds. & Appeals,* 26 Misc 2d 39; *Matter of Presnell* v. *Leslie,* 3 N Y 2d 384). No building permit or certificate of occupancy issued by an administrative official may condone or afford immunity for a violation of the Zoning Resolution (*Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Lesron Junior* v. *Feinberg,* 13 A D 2d 90) and the certificate of occupancy issued herein could not validate an unlawful use. Although a competitior may not obtain an injunction restraining violation of a zoning ordinance merely because he is a competitor (cf. *Bazinsky* v. *Kesbec, Inc.,* 259 App. Div. 467, affd. on other grounds 286 N. Y. 655; *Farr* v. *Zoning Bd. of Appeals,* 139 Conn. 577), one who suffers special damages as the result of a violation of a zoning ordinance may obtain an injunction to prevent its continuance and damages (*Graceland Corp.* v. *Consolidated Laundries Corp.,* 7 A D 2d 89, affd. 6 N Y 2d 900; *Marcus* v. *Village of Mamaroneck, supra*; *Rice* v. *Van Vranken,* 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541; cf. *Bazinsky* v. *Kesbec, supra*; *Rose* v. *City of New Rochelle,* 19 Misc 2d 599; *Blumberg* v. *City of New York,* 21 A D 2d 886, affd. 15 N Y 2d 791). The trial court erroneously excluded most of the evidence bearing on the issues of damages and whether plaintiffs sustained special damage (cf. *Humphrey* v. *Trustees of Columbia Univ.,* 228 App. Div. 168; *Fairview Hardware* v. *Strausman,* 9 A D 2d 944; *Kennedy* v. *Abarno,* 277 App. Div. 883; *Ripley Mfg. Corp.* v. *Roosevelt Field,* 18 A D 2d 924; 6 Carmody-Wait, New York Practice, p. 461). Accordingly, a new trial must be granted (cf. *Graceland Corp.* v. *Consolidated Laundries, supra*; *Fairview Hardware* v. *Strausman, supra*). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.