■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME PETER SMITH, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 1, 1965, convicting him of (1) criminal negligence in the operation of a motor vehicle resulting in death (first count) (2) operating a motor vehicle while intoxicated (second count) and (3) reckless driving (third count), upon a jury verdict, and imposing sentence on the first count to the reformatory (Correction Law, art. 3-A); sentence on the remaining two counts was suspended. Judgment modified, on the law, (1) by striking out so much thereof as convicted defendant of reckless driving and (2) by substituting therefor a provision dismissing the third count in the indictment. As so modified, judgment affirmed. The findings of fact implicit in the verdict are affirmed. Since the first and third counts were based on the same inseparable acts as shown by the proof, the conviction under the third count constituted double jeopardy (Penal Law, § 1939; *Matter of Martinis* v. *Supreme Ct.,* 15 N Y 2d 240). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.

■ DANIEL RAIMONDA et al., Appellants, v. ROBERT L. CAHN et al., Respondents.— In an action to compel the removal of a fence on defendants' real property, allegedly erected and maintained by them in violation of the Building Zone Ordinance and Building Code of the Town of Huntington, plaintiffs, who own real property adjacent to that of defendants, appeal from an order of the Supreme Court, Suffolk County, entered January 4, 1966, which denied their motion for summary judgment pursuant to CPLR 3212. Order affirmed, with $10 costs and disbursements. In our opinion, the affidavits raise a factual issue as to whether plaintiffs sustained special damages entitling them to bring the action (cf. *Cord Meyer Development Co.* v. *Bell Bay Drugs,* 25 A D 2d 744 and cases there cited). We pass upon no other question. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ BESSIE SCHINE, Appellant, v. ABRAHAM SCHINE, Respondent.— In an action to declare (1) the parties to be husband and wife and (2) a foreign divorce obtained by defendant to be void, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, entered November 10, 1965 upon renewal of a prior motion, as denied to plaintiff the relief demanded in the complaint, " without prejudice to the renewal of such application " upon proof of personal service of process upon defendant, " together with proof of the allegations of the complaint." Order affirmed insofar as appealed from, without costs. The method of service provided by CPLR 308 (subd. 3) namely, substituted service, is not available in a matrimonial action. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.