Bessie PADJEN, Plaintiff and Respondent,

v.

Douglas SHIPLEY and Inagene D. Shipley, Defendants and Appellant.

No. 14453.

Supreme Court of Utah.

Aug. 17, 1976.

Inagene D. Shipley, pro se.

Bernard L. Rose, Salt Lake City, for plaintiff-respondent.

MAUGHAN, Justice:

Plaintiff initiated this action, seeking injunctive relief against the adjoining property owner on the ground that defendant was violating a zoning ordinance, Section 22–2–16, Rev.Ord. Salt Lake County, 1966. The trial court granted plaintiff's motion

for summary judgment and ordered the removal of a dog run within 40 feet of plaintiff's house. Defendant appeals. We reverse; and remand for dismissal of plaintiff's action. This for the reason the ordinance is not applicable.

Plaintiff alleged defendant kept and maintained two dogs in a pen or run which extended to within 18 feet of plaintiff's dwelling. Plaintiff asserted the dogs created an unsanitary condition, attracting flies and emitting odors from time to time, resulting in a diminution of the comfort, use, and enjoyment of her property for residential purposes. Plaintiff pleaded that defendant be restrained from maintaining or using the premises in violation of the county ordinance.

Defendant answered that she kept and maintained two dogs at her residence and that an outdoor run had been provided for the dogs, although the dogs were inside the home most of the time. Defendant denied the outdoor run violated any zoning or health regulation of Salt Lake County.

Defendant moved for summary judgment on the ground the cited ordinance was inapplicable to the fact situation. The motion was accompanied by an affidavit, wherein she deposed that presently she owned one dog, a household pet, which was permitted to run, part of the time, in her completely fenced yard. The northeast corner of the yard, an area of approximately 18 feet by 44 feet, was separately fenced; and the dog spent a portion of its time therein. Defendant further deposed, the area and the dog were kept clean. She denied plaintiff's property had diminished in value. Plaintiff also filed a motion for summary judgment; she did not file an affidavit therewith.

The trial court ruled defendant guilty of keeping and maintaining a nuisance. The nuisance was the keeping and maintaining of dogs, in a run within forty feet of plaintiff's residence, contrary to an ordinance of Salt Lake County. It ordered the removal of the presently existing run and restrained defendant from keeping or maintaining a dog in a run within 40 feet of plaintiff's residence. On appeal defendant contends the trial court erred as a matter of law in ruling that Section 22–2–16, Rev. Ord., Salt Lake County, 1966, prohibited her conduct.

Defendant is corrrect in her contention, for in her affidavit she denied the dog run was unsanitary, or had decreased the value of plaintiff's property. Whether plaintiff had suffered any special damage was a disputed issue of fact. Thus, if the ordinance were applicable resolution by trial would be necessary.

A private individual must both allege and prove special damages peculiar to himself in order to entitle him to maintain an action to enjoin violation of a zoning ordinance. His damage must be over and above the public injury which may be caused by the violation of the zoning ordinance.[1] Defendant's affidavit raised the factual issue, of whether plaintiff had sustained special damages, thus entitling her to bring the action; such a matter cannot be resolved by summary judgment.[2]

It was error to deem a violation of the ordinance a nuisance per se, viz., as a matter of law. In *Schubach v. Silver*[3] the court stated:

. . . We can find no support for holding that simple violation of a zoning ordinance constitutes a nuisance per se. [Citation][4]

Defendant further urges the trial court's interpretation of the following ordinance was erroneous.

1. 3 Anderson, American Law of Zoning, § 23.-11, p. 637; *Verner v. Redman*, 77 Ariz. 310, 271 P.2d 468 (1954); *Schubach v. Silver*, 9 Pa.Cmwlth. 152, 305 A.2d 896, 902 (1973); *Cord Meyer Development Co. v. Bell Bay Drugs, Inc.*, 25 A.D.2d 744, 269 N.Y.S.2d 67 (1966).

2. *Raimonda v. Cahn*, 26 A.D.2d 549, 271 N.Y.S.2d 604 (1966).

3. Note 1, supra.

4. At P. 905 of 305 A.2d.

Section 22–1–16, Rev.Ord., S.L.C., 1966, provides:

> No animal or fowl shall be kept or maintained closer than forty (40) feet from any dwelling, and no barn, stable, coop, pen or corral shall be kept closer than forty (40) feet from any street, except that in Residential Zone R–3L no corral or stable for the keeping of horses may be located closer to a public street or to any dwelling than one hundred (100) feet.

Defendant contends this ordinance is ambiguous and in conflict with a subsequent ordinance, Section 22–19–2 which grants as a permissible use the keeping of a household pet. If Section 22–1–16, were interpreted literally, the family dog and its kennel could not be kept within 40 feet of any dwelling, including the owner's. The reference to the location of a barn, stable, etc. is directed to its position from the street. The terms "keeping" or "maintaining" an animal are ambiguous and are not specifically within the context of the ordinance confined to the keeping of an animal, within one of the specified enclosures. If interpreted literally, the ordinance would prohibit the family dog from entering the owner's fenced backyard, if it were located within 40 feet of any dwelling.

The rules of statutory construction are helpful when there is doubt or uncertainty as to the interpretation of a statute. In *Heathman v. Giles* [5] this court stated:

> . . . The rule of noscitur a sociis, literally "it is known from its associates," requires that the meaning of doubtful words or phrases be determined in the light of and take their character from associated words or phrases. Sutherland in his treatise on Statutory Construction states: ". . . where two or more words are grouped together and ordinarily have a similar meaning, but are not equally comprehensive, the general words will be limited and qualified by the special words."

If the terms of the ordinance are construed together, the apparent intent was to prohibit the location of a barn, stable, etc. where an animal is kept, within 40 feet of any dwelling. The term "pen" must be determined in the light of the associated words "barn," "stable," "coop" and "corral." Although a dog run may be considered literally a "pen" in the sense that it is an enclosure, it does not necessarily have the noxious nature analogous to the other structures set forth in the ordinance. [6]

Furthermore, the appropriate term to be included in the ordinance, if there were an intention to prohibit the keeping of dogs, within the proscribed distance, was "kennel."

ELLETT, and TUCKETT, JJ., concur.

HENRIOD, Chief Justice (dissenting).

This is an appeal from a summary judgment ordering that defendants "be . . . restrained from keeping and maintaining dogs or other animals *in pens* or runs within 40 feet of residence of the plaintiff and they shall remove the run presently and now existing," there having been a violation of Section 22–2–16, Salt Lake County Ordinances 1966. The case should be affirmed with costs.

Defendants have referred to other ordinances having to do with animals, pets, fowl, canary birds, and the like, in the main opinion, that seem to be inconsonant with the Call of the Wild, subject of this litigation.

The discovery process developed the fact that there was a violation of the ordinance, and it appears that as a matter of law there was no genuine issue in that respect.

The order of the court is not unreasonable and is in harmony with action and procedure prescribed in the enforcement of the ordinance. The dogs must do one thing one way, I suppose, and canary birds another; but counties, I take it, should have

---

5. 13 Utah 2d 368, 369–370, 374 P.2d 839 (1962).

6. *W. S. Hatch Co. v. Public Service Commission*, 3 Utah 2d 7, 11–12, 277 P.2d 809 (1954).

considerable latitude in controlling them by ordinance.

The main opinion seems to express a certain amount of affection for dogs. So do I, but mostly on the ranch. This case has its problem with barks and odors and with pens and corrals. The opinion pushes the Noscitur a sociis a bit too far in disassociating the former from the latter as to nuisance values,—seemingly justifying the presence of the Hound of the Baskervilles in a "pen" in a contiguous neighbor's back yard to the exclusion of Black Beauty, which lovely horse, is relegated to a "corral." It is like saying that a cargo that is not carried in a car but is something to be carried in a ship, is something different than a shipment that is carried in a car and not in a ship, albeit it is one and the same commodity and the same by hundredweight.

I am of the opinion that the trial court should be affirmed.

CROCKETT, J., does not participate herein.