**HEATH TECNA CORPORATION, a Washington Corporation, Plaintiff and Respondent,**

v.

**SOUND SYSTEMS INTERNATIONAL, INC., Elwood G. Norris, et al., Defendant and Appellant.**

**Nos. 15539, 15625.**

Supreme Court of Utah.

Nov. 28, 1978.

Robert Ryberg of Ryberg & McCoy, Salt Lake City, for defendant and appellant.

David B. Boyce, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Defendant Elwood G. Norris appeals from two orders of the District Court ordering that plaintiff was entitled to all of the

**170**

funds in a joint checking account garnished by plaintiff, and that a reissued Writ of Execution was valid. Affirmed. Costs are awarded to plaintiff.

On May 31, 1977, plaintiff obtained a judgment against both named defendants in the amount of $77,911 and subsequently caused the joint checking account of Defendant Norris and his wife, Cheryl Norris, to be garnished. Immediately thereafter, Cheryl Norris, not a party to this action, filed a motion claiming that one-half of the funds in the checking account was her property and seeking its release to her.

The District Court denied the motion on the grounds that Section 75-6-103, Utah Code Annotated, 1953, as amended in 1975, allowed garnishment of the account. Defendant Elwood Norris appealed in two cases, which were consolidated, and raised the two matters discussed infra.

Plaintiff does not question, in its brief or in oral argument, defendant's standing to appeal the denial of his wife's motion, but, as lack of standing is jurisdictional, we raise that issue now, *sua sponte*. We perceive no basis on which defendant has standing to appeal denial of his wife's motion. Defendant's right to appeal stems from his interest in the funds in the checking account. However, on appeal, he claims that the funds belong, not to him, but his wife, thereby, ironically, urging the very interest which must be self-defeating to him as he has no standing to assert it.

Defendant's other point on appeal where he enjoys standing, concerns a reissued Writ of Execution. A Writ of Execution was properly issued by the Clerk of the Court on August 11, 1977. When the Sheriff was unable to levy on enough property to satisfy plaintiff's judgment within the sixty day life of the Writ, he returned it to the Clerk of the Court, who reissued it by striking out the month "August" as the issuing date and inserting in its place the month "October." The filing fee of $2.50 was not paid for the reissuance of the writ. The Sheriff then executed upon and sold

defendant's property pursuant to the reissued Writ. Defendant made a motion to invalidate the Writ and the sale thereunder. The Court denied the motion and ruled that the reissued Writ did not violate Utah Rules of Civil Procedure 69(c) and (d).

The District Court noted in its memorandum decision on December 18, 1977, that:

. . . the interlineation procedure as exercised by the deputies in the Salt Lake County Clerk's Office is in the interest of most attorneys requesting the execution of writs and the procedure followed saves these attorneys the additional issuing charge of $2.50 as well as the additional charge of preparation and has been a practice followed by the Clerk's Office in this District for the convenience of lawyers for a considerable period of time.

A clerk may, under circumstances which mandate his issuance of a second Writ, reissue the first Writ by acknowledging his initial signature thereon and using a seal previously stamped. By so doing, he has fulfilled the formalities required by Rule 69(b), i. e., that the Writ be issued in the name of the State of Utah, sealed with the Court's seal, and subscribed by the clerk.[1]

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

1. Utah Rules of Civil Procedure 69(b):

   (b) Contents of Writ and to Whom it May be Directed.—The writ of execution must be

issued in the name of the State of Utah, sealed with the seal of the court and subscribed by the clerk. . . .