600 P.2d 52

Lloyd J. PERPER, a married man, Terrence Moore, a married man, and Barbara Ellis Frecker, a married woman, Petitioners/Appellants,

v.

PIMA COUNTY, Pima County Board of Supervisors, Superior Court of the State of Arizona, in and for the County of Pima, John W. Teal, a single man, Edward A. Tovrea, Jr., a single man, and Stephen B. Brinkerhoff, a single man, Respondents/Appellees.

No. 2 CA–CIV 3200.

Court of Appeals of Arizona, Division 2.

July 5, 1979.

Rehearing Denied Sept. 5, 1979.

Barbara Ellis Frecker, in pro. per., and for petitioners/appellants.

Law Offices Schorr, Leonard & Felker, P. C. by Franklin O. Eldridge, Tucson, for respondents/appellees Teal, Tovrea, Jr., and Brinkerhoff.

Stephen D. Neely, Pima County Atty. by G. Lawrence Schubart, Tucson, for respondent/appellee Pima County.

## OPINION ·

RICHMOND, Chief Judge.

This is an appeal from an order dismissing a petition for special action that seeks among other things to set aside a superior court judgment entered on May 27, 1977, in another case. We affirm.

The judgment in the earlier case terminated a lawsuit filed by appellees Tovrea, Teal and Brinkerhoff against Pima County. Their complaint alleged that Pima County had improperly denied requests for rezoning and a variance and sought damages for inverse eminent domain. Prior to trial, the parties reached a settlement and the judgment of May 27, 1977, was entered pursuant to stipulation. The effect of the judgment was a rezoning of the property involved.

On August 15, 1978, appellants filed a petition for special action in superior court. The petition alleges that appellants own property affected by the outcome of the earlier case in that the rezoning would decrease property values in the whole area, there would be increased traffic and noise, and the residential atmosphere and scenery would be substantially destroyed. It also alleges that appellants were informed on May 31, 1977, that the board of supervisors had compromised that controversy. The relief requested is an order setting aside the 1977 judgment, setting the earlier case for trial, and permitting appellants to intervene in it.

We regard this special action as an independent action for relief from the judgment under 16 A.R.S. Rules of Civil Procedure, rule 60(c), and hold the trial court was correct in dismissing it. An independent action to set aside a judgment may be maintained only under unusual and exceptional circumstances, 11 Wright & Miller, Federal Practice & Procedure, § 2868, and should not be made the vehicle for relitigation of issues. *Dunham v. First National Bank in Sioux Falls*, 86 S.D. 727, 201 N.W.2d 227 (1972).

The board of supervisors had authority to agree to the consent judgment in the earlier case. A.R.S. § 11–251(14). Had the board originally granted the appellees' rezoning request despite appellants' objections at the public hearing, appellants would have had no standing to maintain a suit to nullify the variance. An adjacent property owner who suffers no special damage from the granting of a variance cannot seek judicial review of an administrative decision to grant a variance. *Donnelly v. Kuntz*, 132 Ga.App. 223, 207 S.E.2d 616 (1974). To be aggrieved, the plaintiff must have sustained damage peculiar to himself. *Unger v. Forest Home Township*, 65 Mich. App. 614, 237 N.W.2d 582 (1975); *S. A. Lynch Investment Corp. v. City of Miami*, 151 So.2d 858 (Fla.App.1963). Appellants' petition alleges only general economic and aesthetic losses.

Finally, the judgment in the earlier case is binding upon appellants as members of the public which the board of supervisors represents. *Stuart v. Winslow Elementary School District No. 1*, 100 Ariz. 375, 414 P.2d 976 (1966). Though we agree with appellants that this action is a direct rather than collateral attack, in that setting aside the judgment is the ultimate end in view, *see State v. McCarrell*, 80 Ariz. 243, 295 P.2d 1088 (1956), we do not agree that their petition states a claim for relief. It fails to allege any facts amounting to extrinsic fraud that would avoid the judgment.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.