OPINION
HOWARD, Judge.
This special action was taken from the order of the trial court dated November 23, 1983, and its supplemental order dated November 30, 1983, denying petitioners’ request for relief and dismissing their complaint for special action filed therein. Because this case presents a narrow legal issue of first impression, rather than controverted facts, and is a matter of important public interest, we accept jurisdiction pursuant to Rule 8(a), Rules of Procedure for Special Actions, 17A A.R.S. See University of Arizona Health Sciences Center v. Superior Court, 136 Ariz. 579, 667 P.2d 1294 (1983).
Petitioners are the developer and owner, respectively, of certain real property located at the intersection of Swan Road and Skyline Drive in Pima County. In the course of developing plans for a proposed apartment complex to be constructed on this property, petitioners’ planning consultants requested and obtained from the Pima County zoning inspector on April 11, 1983, his interpretation of certain provisions and terms of the county zoning ordinance.
On August 4, 1983, pursuant to A.R.S. § 11-807(C), an appeal from this interpretation was taken to the Pima County Board of Adjustment District No. 1 by Pamela R. Patton, as representative of herself, adjacent property owners and the legal committee of the Coronado Foothills Estates Homeowners Association (hereinafter collectively referred to as “appellants”). At a hearing before the board on August 30, the petitioners objected to the appeal on the ground that this court’s decision in Perper v. Pima County, 123 Ariz. 439, 600 P.2d 52 (App.1979) required a showing of special damage in order to appeal, and that the appellants had incurred none. Petitioners accordingly argued that the board had no jurisdiction to hear the appeal. Following a continued hearing on September 16, the board issued a written memorandum deciding that the Perper decision did not apply and that appellants had standing to request an interpretation of the ordinance by the board. The board simultaneously ruled on the merits of the appeal, granting a portion of the requested relief.
On October 13, petitioners filed a complaint for special action in the superior court, seeking review of the board’s ruling on jurisdiction. On October 17, a pleading denominated “Amended Complaint for Special Action and Notice of Appeal” was filed, seeking special action relief pertaining to the jurisdiction issue and reversal of the board’s decision on the merits pursuant to A.R.S. § 11-807(D). The only named defendants were Pima County and the Board of Adjustment for District No. 1.
Following a hearing on November 21, which the parties stipulated would address only the issue of the board’s jurisdiction, the trial court ordered dismissal of the special action. The court further denied the defendant’s motion to require joinder of Patton as a party, without prejudice to her filing a motion to intervene with respect to the appeal of the board’s decision on the merits. Pursuant to the parties’ stipulation, the court entered a supplemental order on November 30 as follows:
“It is ORDERED that the Special Action filed by the Petitioners is dismissed based on the following specific grounds:
1. The Special Damage Rule set forth by the Arizona Court of Appeals in Perper v. Pima County, 123 Ariz. 439, 600 P.2d 52, 54 (1979) applies only to appeals filed with the Superior Court pursuant to A.R.S. § 807(D) rather than appeals to the Board of Adjustment.
2. Appeals to a Board of Adjustment under A.R.S. § 11-807(C) may be maintained by ‘any person’ who feels there is an error or doubt in the interpretation of a zoning ordinance without any requirement that such person make a showing of special damage or by person who can show that due to unusual circumstances attaching to his property an unnecessary hardship is being inflicted on him.”
*33 This special action followed, presenting solely the issue of whether a showing of special damage is a prerequisite to standing to appeal to the Board of Adjustment pursuant to A.R.S. § 11-807(C). The Coronado Foothills Homeowners Association, Inc., has also filed a motion to intervene in this special action.
The Arizona statutes pertaining to county planning and zoning were originally enacted in 1949 and, as relates to this special action, have remained relatively unchanged. See A.R.S. §§ 11-801, et seq. (originally codified at A.C.A. §§ 17-1901, et seq. (1952 supp.)). The statutes authorize the county board of supervisors to adopt zoning ordinances, compliance with which is enforced by requiring the issuance of building permits. A.R.S. § 11-808. Under the administrative scheme created by the legislature, anyone seeking to build a structure must first obtain a building permit from the county zoning inspector, who is charged with enforcing compliance with the zoning ordinance and may not issue a permit until it appears that the proposed structure is in full conformity with applicable statutes, ordinances and regulations. Id. The statute declares unlawful the erection of any structure or use of land in violation of any zoning ordinance or regulation, and further provides:
“If any building or structure is or is proposed to be erected, constructed, reconstructed, altered, maintained or used or any land is or is proposed to be used in violation of this chapter or any ordinance, regulation or provision enacted or adopted by the board under the authority granted by this chapter, the board, the county attorney, the inspector or any adjacent or neighboring property owner who is specially damaged by the violation, in addition to the other remedies provided by law, may institute injunction, mandamus, abatement or any other appropriate action or proceedings to prevent or abate or remove the unlawful erection, construction, reconstruction, alteration, maintenance or use.” (Emphasis supplied) A.R.S. § 11— 808(D).
In tacit recognition of the problems arising from the application of zoning ordinances to specific factual situations and the nee,d for some degree of flexibility, the legislature followed the common practice of providing for the creation of boards of adjustment with the power to:
“1. Interpret the zoning ordinance when the meaning of any word, phrase or section is in doubt, when there is dispute between the appellant and enforcing officer, or when the location of a district boundary is in doubt.
2. Allow a variance from the terms of the ordinance when, owing to peculiar conditions, a strict interpretation would work an unnecessary hardship, if in granting such variance the general intent and purposes of the zoning ordinance will be preserved.” A.R.S. § 11-807(B).
The Board of Adjustment sits as an appellate administrative body which may hear appeals taken from the decisions of zoning officials “by any person who feels that there is error or doubt in the interpretation of the ordinance or that due to unusual circumstances attaching to his property an unnecessary hardship is being inflicted on him.” A.R.S. § 11-807(C). De novo review of the decisions of the board by the superior court may be had by “[a]ny person aggrieved in any manner by an action of a board of adjustment____” A.R.S. § 11-807(D).
Where a proposed or existing structure or use of land is in violation of applicable statutes or ordinances, it is apparent from the language of § 11-808(D) that the legislature intended that judicial remedies be available to third parties other than the county attorney, board of supervisors and zoning inspector, only if they are adjacent or neighboring property owners who can demonstrate special damage as a result of the violation. Similarly, we held in Perper v. Pima County, supra, that a showing of special damage was a prerequisite to standing to seek judicial review under § 11-807(D) of a decision by the Board of Adjustment to grant a variance. Petitioners *34 argue that special damage must also be shown in order to seek administrative review by the Board of Adjustment in the first instance. We disagree.
First, the language of § 11— 807(C) pertaining to appeals to the Board of Adjustment is very broad, and on its face confers standing upon “any person who feels that there is error or doubt in the interpretation of the ordinance____” This is to be contrasted with the “specially damaged” language of § 11-808(D) and the “person aggrieved” language of § 11— 807(D). Since these statutes were enacted together, we must assume that the legislature intended different consequences to flow from the use of different language in these three subsections. We cannot import synonymity contrary to the plain meaning of these sections unless the content of the statute permits no other conclusion. The statute must be given effect according to its plain and obvious meaning. See City of Mesa v. Salt River Project Agricultural Improvement and Power District, 92 Ariz. 91, 373 P.2d 722 (1962).
The requirement of a showing of special damages is clearly expressed in § 11— 808(D). Further, our interpretation of the term “person aggrieved” as used in § 11-807(D) is consistent with the common usage of that term in other zoning statutes as implicitly limiting the availability of judicial review to those who are specially damaged by the decision of the Board of Adjustment. See generally, 4 American Law of Zoning §§ 25.09-25.20 (1977). In contrast, § 11-807(C) contains no language which may reasonably be construed to require a similar showing in order to take an administrative appeal to the Board of Adjustment.
Petitioners argue that the trial court’s construction produces an absurd and anomalous result, and that the general rule is that a statute allowing appeals to a Board of Adjustment should be interpreted in the same manner as a statute allowing appeals from a Board of Adjustment. Petitioners’ only authority for this general rule is Vitolo v. Chave, 63 Misc.2d 971, 314 N.Y.S.2d 51 (1970), which is clearly distinguishable inasmuch as the statute in question in that case utilized the “aggrieved party” language with regard to both types of appeals. Nor do we believe that the construction adopted by the trial court produces an absurd or anomalous result. Since the legislature chose not to impose notice and public hearing requirements on the procedures of the Board of Adjustment, cf. the Standard State Zoning Enabling Act § 7 (1926), quoted in 3 American Law of Zoning § 20.17 (1977), it is not unreasonable to infer a legislative intent to compensate by broadening access to the administrative appeals process. We hold that the trial court’s construction of A.R.S. § 11— 807(C) was reasonable and consistent with its plain meaning, and that petitioners’ complaint for special action was properly dismissed.
Because of our disposition of this special action, and because the homeowners association did not seek to intervene in the superior court, see John F. Long Homes, Inc. v. Holohan, 97 Ariz. 31, 396 P.2d 394 (1964), its motion to intervene before this court is denied.
Relief denied.
HATHAWAY, J., and LILLIAN S. FISHER, Superior Court Judge, concur.
NOTE: Chief Judge Ben C. Birdsall having recused himself in this matter, Judge Lillian S. Fisher was called to sit in his stead and participate in the determination of this decision.