937 P.2d 368

**Walter R. BUCKELEW,**
**Plaintiff–Appellant,**

v.

**TOWN OF PARKER, acting through its common counsel consisting of Charlene Peterson, Sandy Pierce, Jim Trevino, John Woody, Paul Langseth, Haskell Melton, and Bill Ripberger, real parties in interest; George L. Kruse, Town of**

---

Parker Zoning Administrator, and the Town of Parker Zoning Board Of Adjustment consisting of Karl Hartmetz, Conkie Hoover, J.B. McCommon, Chonna Marshall (formerly Amidan), William Coe, Doug Peterson, and Don Hoffman, real parties in interest, Defendants-Appellees.

No. 1 CA–CV 96–0090.

Court of Appeals of Arizona,
Division 1, Department E.

Dec. 5, 1996.

Review Denied May 20, 1997.

R. Glenn Buckelew, Parker, for Appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Lisa M. Sommer, Christopher Robbins, Phoenix, for Appellees.

## OPINION

TOCI, Judge.

Plaintiff Walter R. Buckelew sued the Town of Parker, its officials, and employees ("Town") for damages and special action relief to compel the town to abate a zoning violation on property adjacent to his residence. Buckelew alleged that the owner of the adjacent property changed an authorized nonconforming use of the property as a re-

creational vehicle park ("RV Park") housing temporary residents to an unauthorized use as a mobile home park with permanent residents. Buckelew appeals from the dismissal for lack of standing of his action and the denial of his motion for leave to amend. We conclude that Buckelew alleged special damage sufficient to give him standing, and therefore, we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On review, this court assumes the truth of a complaint's allegations and upholds dismissal only if the plaintiff is not entitled to relief under the facts stated in the complaint. *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984).[1] We review the following allegations in Buckelew's pleadings under this standard.

In 1977, an RV park in the Town of Parker developed a reputation for providing short-term, seasonal accommodations to tourists and part-year residents. Owners of trailers and recreational vehicles were the primary users of the RV park. The lots surrounding the RV park included one residential parcel and various businesses. In 1983, Buckelew purchased and now lives on the single residential parcel adjacent to the RV park. Uses on the remaining parcels consist of a convenience store, restaurant, and bar.

In approximately May 1985, the Town enacted a new zoning ordinance. Under the ordinance, the entire block containing Buckelew's residence and the RV park were zoned "general commercial." Commercial zoning prohibits residential use of the land, including use as an RV or trailer park. Arizona law and the non-conforming use provisions of the new ordinance, however, allowed Buckelew and the owner of the RV park to continue their existing uses.[2] Therefore, the RV park continued to provide primarily short-term, seasonal accommodations for tourists and part-year residents. The vehicles parked there included various recreational vehicles such as travel trailers, pickup campers, and motor homes used for temporary portable housing. This use continued until 1989, when the park was sold.

In 1989, the RV park's new owner allowed mobile homes in the park with year-round occupancy. Although the park's ownership changed again in 1993 and 1994, the successive owners continued this practice and even purchased several mobile home units that they rented to month-to-month tenants. Since 1990, the mobile home park has been almost exclusively occupied by year-round residents.

Buckelew requested that the Town authorities cure the zoning violation on the property. He asserted that because the RV park had changed drastically from its pre–1985 use, that earlier use should be treated as abandoned. Alternatively, he asked that the Town restore the parcel to its pre–1985 use as an RV park for temporary or seasonal residents. After the zoning authorities refused Buckelew's request, he unsuccessfully appealed the Town's decision to the board of adjustment.

Buckelew sought review of the board's denial of relief by filing a complaint for special action pursuant to Ariz.Rev.Stat. Ann. ("A.R.S.") section 9–462.06(K). He also sought damages for violation of both the open meeting laws, A.R.S. section 38–431.07, and his civil rights pursuant to 42 U.S.C. § 1983. Buckelew claimed that he suffered from special damage from the changed use of the RV park in the form of noise, threats of violence, increased litter, health and fire code violations, increased danger of crime, and the destruction of his personal property, and thus that he had standing to sue.

After the Town moved to dismiss the complaint, asserting that Buckelew suffered the same damage as all of the other neighboring

---

1. Although in resolving the standing issue, the trial court may have considered matters outside the pleadings the motion to dismiss for lack of standing was not thereby converted into one for summary judgment. *See Swichtenberg v. Brimer,* 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App.1991) (when jurisdictional issues are distinct from the merits, trial court may consider affidavits, depositions and exhibits, without converting motion to dismiss on such grounds to one for summary judgment).

2. See § 15–2–5 of the 1985 ordinance and A.R.S. § 9–462.02.

landowners, Buckelew attempted to amend his complaint to set forth his special damage in greater detail. The trial court, however, denied the motion to amend and granted the Town's motion to dismiss.

The court also denied Buckelew's motion for reconsideration, finding the amendment futile because it merely described the same damage in greater detail and failed to allege special damage. On its own motion, the trial court concluded that because Buckelew lacked standing in the zoning matter, he lacked standing to pursue claims for violations of both the open meeting and civil rights laws.

## II. DISCUSSION

### A. Denial of Motion For Leave To Amend

■ The trial court improperly denied Buckelew's request to amend his pleadings based on its timing and the procedural posture of the case. Rule 15(a)(1), Arizona Rules of Civil Procedure, provides, "Leave to amend shall be freely given when justice requires." A court may deny leave to amend, however, if " 'undue' delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments or undue prejudice to the opposing party" exist. *Owen v. Superior Ct.,* 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982). We find nothing in this record to justify denying Buckelew's amendment. *See id.*

■ In a minute entry clarifying its ruling, the trial court stated that the amendment would have been futile. A trial court may deny a proposed amendment that would be futile without abusing its discretion. *Bishop v. Department of Corrections,* 172 Ariz. 472, 474–75, 837 P.2d 1207, 1209–10 (App.1992). Buckelew's amendment, however, is not futile if it alleges damage sufficient to give him standing.

To decide whether Buckelew's amendment would have been futile, we must decide what special damage he must allege resulted from zoning violations on the neighboring property in order to give him standing to compel the Town to abate such violations. *See generally* 4 Arden H. & Daren A. Rathkopf, *The Law of Zoning and Planning,* §§ 43.03–43.04, at 43–5—43–31 (4th ed.1996).

### B. Standing

■ Courts traditionally limit standing in zoning cases to those individuals who have sustained special damage to their interest in real property. *Id.* This rule is an outgrowth of the law governing standing in public nuisance cases. *Id.* § 43.03, at 43–12. A landowner has standing to bring suit to abate a public nuisance when he suffers "special damage" distinct from that common to the public.[3] *Armory Park v. Episcopal Community Servs.,* 148 Ariz. 1, 712 P.2d 914 (1985). Because the zoning law is rooted in the law of nuisance, a zoning ordinance violation came to be treated as a public nuisance for the purpose of determining the standing of an injured party. Rathkopf, *supra,* § 43.03, at 43–12.

■ Arizona requires that landowners suffer special damage before they have standing to complain about a zoning decision on adjacent property. *See Verner v. Redman,* 77 Ariz. 310, 312–13, 271 P.2d 468, 470–71 (1954) (private individual must both allege and prove special damage peculiar to himself to maintain a claim enjoining neighbors from using property); *Perper v. Pima County,* 123 Ariz. 439, 600 P.2d 52 (App.1979) (adjacent property owner not suffering special damage from granting of variance cannot obtain judicial review of that decision). Although both cases agree that a plaintiff must allege special damage to have standing, neither specifically defines "special damage."

■ Buckelew contends that *Verner* permits judicial notice of special damage to his residential parcel because it is adjacent to the mobile home park. We disagree. In *Verner,* the court refused to take judicial notice of special damage to residential prop-

3. Our supreme court has noted two reasons for this limitation: (1) to relieve defendants and the courts of multiple actions that might be filed if every member of the public could sue for a common wrong, and (2) to allow public officials to remedy wrongs that affect all members of the public. *Armory Park,* 148 Ariz. at 5, 712 P.2d at 918.

erty located over three blocks away from a proposed gas station. *Verner,* 77 Ariz. at 314, 271 P.2d at 472. The court stated that judicial notice might be proper if plaintiff's home was "adjacent [to the parcel causing the damage] or in such proximity as to make the fact of damages so certain and undisputable that evidence will not be received to refute it." *Id.* Nevertheless, the parcels were not in fact close to each other, and thus the statement that the court might take judicial notice had the parcels been in close proximity is dictum. *Id.* at 313–14, 271 P.2d at 471–72; *see Town of Chino Valley v. City of Prescott,* 131 Ariz. 78, 81, 638 P.2d 1324, 1327 (1981) (dicta is not precedent).

■ Neither are we persuaded by the Town's assertion that under *Perper,* Buckelew lacks standing. There, the petitioners filed a special action to nullify the granting of a zoning variance, asserting that it would decrease property values in the whole area, increase traffic, and destroy the residential atmosphere and scenery. *Perper,* 123 Ariz. at 440, 600 P.2d at 53. The court dismissed the special action, finding that these allegations merely constituted general economic and aesthetic losses but not damage peculiar to the petitioners. *Id.* at 441, 600 P.2d at 54. Here, because Buckelew alleges damage peculiar to him, rather than general economic and aesthetic losses in the "whole area," *Perper* does not help the Town.

We now turn to *Armory Park,* a public nuisance case not cited by either party.[4] In *Armory Park,* a neighborhood center for indigents began operating in an area that was primarily residential but that also contained a few small businesses. 148 Ariz. at 3, 712 P.2d at 916. The center provided free meals daily, and as a result, transients frequently trespassed onto neighboring residents' property, sometimes "urinating, defecating, drinking and littering." *Id.* at 2–3, 712 P.2d at 915–16. Break-ins and the resulting arrests increased markedly. *Id.* at 3, 712 P.2d at 916. The court found that neighbors of the center had standing to enjoin the mainte-

nance of a public nuisance because the alleged acts affected the use and enjoyment of the residents' property. *Id.* at 5, 712 P.2d at 918.

*Armory Park* supports the general proposition that to have standing Buckelew must suffer "damage peculiar to himself" and that such damage must be separate and distinct from the damage suffered by the general public. *Id.* The Town, however, relies on *S.A. Lynch Investment Corp. v. City of Miami,* 151 So.2d 858 (Fla.App.1963), and *Unger v. Forest Home Township,* 65 Mich.App. 614, 237 N.W.2d 582, 584 (1975), cited in *Perper,* 123 Ariz. at 441, 600 P.2d at 54, for the more narrow proposition that Buckelew must allege and prove that he has suffered "some special damages *not common to other property owners similarly situated.*" *Unger,* 237 N.W.2d at 584 (emphasis added). Emphasizing the quoted language, the Town argues that Buckelew failed to allege damages different from those that "the public in the particular area surrounding the trailer par[k] might sustain as a whole."

We are not persuaded by the Town's argument. Courts distinguish between cases in which an adjoining landowner and the general public suffer the same damage, and cases in which the petitioners and other members of a discrete area or neighborhood sustain similar damage, but damage different from that suffered by the general public. Rathkopf, *supra,* § 43.03, at 43–15 (citing *Hattem v. Silver,* 19 Misc.2d 1091, 190 N.Y.S.2d 752 (1959); *Blumberg v. Hill,* 119 N.Y.S.2d 855, 857 (1953), cited in *Victoria Corp. v. Atlanta Merchandise Mart, Inc.,* 101 Ga.App. 163, 112 S.E.2d 793 (1960); *Sumter County v. Davis,* 356 So.2d 899 (Fla.App.1978)); *Harris v. Springville City,* 712 P.2d 188 (Utah 1984) (on rehearing); *see Armory Park,* 148 Ariz. 1, 712 P.2d 914.

In *Harris,* the plaintiffs alleged that neighboring property violated a city ordinance because it housed a manufacturing business in violation of a pre-existing non-conforming use. 712 P.2d at 189 (Hall, J., on rehearing). According to the plaintiffs, the use created excessive, unreasonable noise that resulted in

---

4. Although *Armory Park* involves standing in a public nuisance case, the same standing principles apply to cases in which landowners complain of zoning violations on adjacent land. *See*

Rathkopf, *supra,* § 43.03, at 43–12 (violations of zoning ordinances treated as public nuisances for purposes of determining standing).

damage peculiar to their property. *Id.* at 191 (Hall, J., on rehearing). The court concluded that the plaintiffs "must show that they have a specific legal and personal interest in the subject matter of the decision" different from "a general interest such as all members of the community have." *Id.* Additionally, the plaintiffs must establish that "they suffered some injury peculiar to their own property or at least more substantial than that suffered by the community at large." *Id.* The court found that plaintiffs had standing because they were "close neighbors" directly affected by the new nonconforming use. *Id.*

■ Thus, to have standing, Buckelew must plead damage from an injury peculiar to him or at least more substantial than that suffered by the general public. *See id.* Buckelew may suffer damage "peculiar to himself" even if his "immediate" neighbors suffer the same damage as he from the alleged zoning violation. *See Armory Park,* 148 Ariz. at 5, 712 P.2d at 918. An interference with Buckelew's use and enjoyment of his land similar to that suffered by the landowners in *Armory Park* will suffice. *See* Rathkopf, *supra,* § 43.03, at 43–15.

■ Buckelew's amended special action complaint meets this standard. He alleges that his property shares a common boundary with the RV park and that a number of conditions and activities at the RV park interfere with the use and enjoyment of his property. Specifically, he complains of damage from noise emanating from the park; littering and threats of violence by tenants; fire and health hazards, including raw sewage; increased criminal activity in the RV park; and destruction of his personal property by children living at the RV park. These are damages similar to those alleged by the plaintiffs in *Armory Park.* 148 at 3, 712 P.2d at 916. The damage is both peculiar to Buckelew and more substantial than that sustained by the public, notwithstanding the fact that neighboring landowners may also suffer the same or similar damage. *See Harris,* 712 P.2d at 191 (Hall, J., on rehearing).

■ We also reject the Town's argument that Buckelew has no standing to appeal zoning decisions to the board of adjustment under A.R.S. section 9–462.06. The Town

contends that Buckelew was not a "person aggrieved" as the statute requires because he was not "specially damaged." We have concluded that Buckelew has alleged special damage, and as a result, he is a "person aggrieved." *See P.F. West, Inc. v. Superior Ct.,* 139 Ariz. 31, 676 P.2d 665 (App.1984) ("person aggrieved" is the same as one who is "specially damaged"); *Tate v. Stephens,* 245 Ga. 519, 265 S.E.2d 811 (1980) (aggrieved person test as the standard for standing in zoning cases equated with the special damage test in public nuisance cases).

■ Finally, the Town argues that we should uphold the dismissal because, at the Town's request, the owner of the park removed park-owned rental units and mobile homes from the premises. The Town argues that removal of these units abated any alleged zoning violations and that the Town could not take any further action. According to the Town, Buckelew's special action complaint thus fails to state a claim on which relief can be granted.

For several reasons, we are not persuaded by the Town's assertion. Most important, the trial court's dismissal was not based on Buckelew's failure to state a claim but rather on his lack of standing. Furthermore, we note that the Town first raised this argument in its reply to the motion to dismiss filed one day prior to the hearing, thereby depriving Buckelew of an opportunity to respond to this issue. The trial court did not consider this argument, and neither do we.

■ Although we would not normally consider the Town's assertion that Buckelew's special action complaint does not state a claim, we do so here because the issue may arise on remand. *See Coulter v. Stewart,* 93 Ariz. 242, 246–47, 379 P.2d 910, 913 (1963). Buckelew alleged that the owner of the RV park abandoned its prior non-conforming use. The Town has presented nothing that persuades us that Buckelew has failed to state a claim on this issue. Although a mere increase in volume or intensity of use does not constitute a change in use, *Blake v. City of Phoenix,* 157 Ariz. 93, 96, 754 P.2d 1368, 1371 (App.1988), a change in the basic nature or character of that use may result in a loss of the property's protected status as a nonconforming use. *Id.* Thus, even if we accept

as true the Town's statements about the removal of park-owned rental units and mobile homes, occupancy by owners of private units on a year-round basis may result in a change in use. The extent of the changes in the RV park and the question whether such changes should be deemed "a mere increase in volume or intensity of use" as opposed to "a use of a different kind" is a matter to be determined by the trial court on remand.

Finally, we observe that, to be entitled to relief, Buckelew must first prove his allegations of standing and his right to special action relief for the Town's failure to enforce the zoning code. If he prevails on these issues, he must establish that a change in the basic nature or character of the use of the RV park property occurred and resulted in loss of its protected status as a nonconforming use. If he carries his burden of proof on this issue, the Town must take action to eliminate the nonconforming use. *See Rotter v. Coconino County,* 169 Ariz. 269, 272, 818 P.2d 704, 707 (1991) (nonconforming uses should be eliminated or reduced to conformity as quickly as possible within limits of fairness and justice).

### C. Attorney's Fees

Buckelew filed a request for attorney's fees pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure, and under A.R.S. section 12–349, claiming that the Town defended a claim without substantial justification, solely or primarily for delay or harassment, and unreasonably expanded or delayed the proceedings. He also cites 42 U.S.C. § 1988(b)(1994) in support of fees on his civil rights claims and A.R.S. section 38–431.07(A) (1996) in support of a fee award for the open meeting law violation.

We reject each of these grounds. First, Buckelew has not presented sufficient evidence proving that defendant delayed his claim or harassed him. *See Fund Manager v. Corbin,* 161 Ariz. 348, 355, 778 P.2d 1244, 1251 (App.1988) (attorney fees to party denied under A.R.S. section 12–349 even though court refused to grant motion to dismiss against him). Second, A.R.S. section 38–431.07(A) and 42 U.S.C. § 1988 provide the court with discretion to award attorney's fees to successful litigants. Buckelew has not yet succeeded on the merits.

Buckelew urges us to award fees to him as the successful party on appeal under *Wagenseller v. Scottsdale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1985). Although *Wagenseller* provides that a "successful party" on appeal is not limited to those with favorable final judgments, *id.* at 393, 710 P.2d at 1048 (Feldman J., supplemental opinion), and allows the court to award fees to a party who obtains reversal of an interim order central to the case, *Wagenseller* interpreted A.R.S. section 12–341.01(A). It has no application here. Thus, we deny Buckelew's motion for attorney's fees.

### III. CONCLUSION

The trial court dismissed Buckelew's case solely because he lacked standing. For the reasons explained in this opinion, we find that Buckelew has alleged the special damage necessary to give him standing. We reinstate the First Amended Special Action and Complaint and order the trial court to permit the filing of the proposed amendment.

GARBARINO, P.J., and WEISBERG, J., concur.