2007 UT App 335

**Richard SPECHT, Plaintiff and Appellant,**

v.

**BIG WATER TOWN, Defendant and Appellee.**

No. 20060695–CA.

Court of Appeals of Utah.

Oct. 18, 2007.

☞1024.1

Bruce R. Baird, Sandy, and Walter T. Keane, Salt Lake City, for Appellant.

Aric Cramer and J. Robert Latham, Bountiful, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

## OPINION

BENCH, Presiding Judge:

¶ 1 Appellant Richard Specht appeals the trial court's entry of summary judgment in favor of Big Water Town (Big Water) and the subsequent dismissal of his complaint. Specht lacks standing to maintain an action against Big Water because he failed to allege or prove that Big Water's land use decisions and actions caused him any special damages. Accordingly, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

¶ 2 Rocky and Sheryl Pyle (the Pyles) own three adjoining parcels of property in a residential zone in Big Water. On one parcel the Pyles built a 2000–square–foot home and, on one of the adjoining parcels, they began constructing a garage almost equal to the size of the home. In 2003, a city building inspector issued a "red tag" to stop construction of the garage based on the Pyles' failure to obtain a building permit for the garage and failure to comply with Big Water's setback requirements. Shortly thereafter, the Pyles submitted an application for the required building permit.

¶ 3 After receiving the Pyles' application, the Big Water Board of Adjustment (Board of Adjustment) held a meeting in which it reversed the red tag, approved the Pyles' building permit, and allowed the construction of the garage. In a letter, the Big Water mayor explained that the Board of Adjustment reversed the building inspector's decision because it found the setback requirements in the city's zoning regulations to be

"vague, ambiguous, and confusing." The mayor also explained that the reversal was based on Utah Code section 10–9–707, a statute allowing boards of adjustment to grant variances. *See* Utah Code Ann. § 10–9–707 (2003).

¶ 4 Within a month of the building permit's approval, the Big Water Town Council (Town Council) amended the ordinance regarding setback requirements. Prior to the meeting to discuss the proposed amendment, Big Water posted notice of the meeting in three locations, but did not publish notice of the meeting in a newspaper. The Pyles' garage fully complied with the amended setback requirements.

¶ 5 Specht challenged the Board of Adjustment's decision granting the Pyles' building permit, sought declaration that the amended setback ordinance was invalid due to Big Water's failure to publish notice of its meeting in a newspaper, and requested a writ of mandamus requiring Big Water to enforce the Pyles' violation of the original setback ordinance. In these proceedings, Specht did not allege or identify any special damages he incurred due to the municipality's actions or the Pyles' alleged zoning violations; he identified himself only as an owner of property in Big Water. The parties brought cross-motions for summary judgment, which resulted in a judgment in Big Water's favor. On appeal, Specht claims that the trial court erred in essentially two ways: first, by ruling that the Board of Adjustment's decision to grant a variance and approve the Pyles' building permit was valid, and second, by determining that Big Water complied with all relevant notice requirements for amending the setback ordinance.

## ISSUE AND STANDARDS OF REVIEW

¶ 6 Big Water claims that Specht lacks standing to challenge its land use decisions or to request declaratory and injunctive relief because he failed to allege or prove special damages he incurred due to the municipality's actions or the Pyles' alleged zoning violations. Specht maintains that he is not required to allege or prove special damages because he is seeking declaratory relief.

¶ 7 " '[T]he question of whether a given individual ... has standing to request a particular [form of] relief is primarily a question of law.' " *Washington County Water Conservancy Dist. v. Morgan,* 2003 UT 58, ¶ 8, 82 P.3d 1125 (alteration in original) (quoting *Kearns–Tribune Corp. v. Wilkinson,* 946 P.2d 372, 373 (Utah 1997)). Where there are "factual findings that bear on the issue" of standing, we review them "with deference." *Id.* (quotations and citation omitted). However, "[b]ecause of the important policy considerations involved in granting or denying standing, we closely review trial court determinations of whether a given set of facts fits the legal requirements for standing, granting minimal discretion to the trial court." *Id.* (quotations and citation omitted).

## ANALYSIS

¶ 8 Specht claims that his status as a resident and property owner in Big Water grants him standing to challenge Big Water's land use decisions and to request declaratory and injunctive relief with respect to zoning violations within the municipality. " '[S]tanding is a jurisdictional requirement that must be satisfied' before a court may entertain a controversy between two parties." *Jones v. Barlow,* 2007 UT 20, ¶ 12, 154 P.3d 808 (alteration in original) (quoting *Morgan,* 2003 UT 58 ¶ 6 n. 2, 82 P.3d 1125). The issue of standing requires the court to focus on whether the parties "have both a sufficient interest in the subject matter of the dispute and a sufficient adverseness so that the issues can be properly explored." *National Parks & Conservation Ass'n v. Board of State Lands,* 869 P.2d 909, 913 (Utah 1993).

¶ 9 A person does not have standing to challenge a municipal land use decision or request injunctive relief for a zoning violation unless he or she has suffered some sort of injury as a result of the decision or violation. Utah statutory law allows a person to challenge a board of adjustment decision, but requires that the challenging person be "adversely affected" by the decision. Utah Code Ann. § 10–9–708(1) (2003).[1] Although Utah statutes elsewhere provide that "any owner of real estate within [a] municipality ... may ... institute ... injunctions, mandamus, abatement, or other appropriate actions," Utah Code Ann. § 10–9–1002(1)(a) (2003),[2] land ownership is an additional requirement for standing, rather than a substitute for the requirement of an adversely affected interest.

¶ 10 The Utah Supreme Court has consistently stated that particularized injury or special damages is an essential standing requirement for plaintiffs requesting injunctive relief in land use and zoning cases. In response to a plaintiff property owner who attempted to enjoin her neighbor's zoning violation without demonstrating personal injury, the court recently repeated its previous holding:

"A private individual must both allege and prove special damages peculiar to himself in order to entitle him to maintain an action to enjoin [a] violation of a zoning ordinance. *His damage must be over and above the public injury* [that] may be caused by the violation of the zoning ordinance."

*Culbertson v. Board of County Comm'rs,* 2001 UT 108, ¶ 54, 44 P.3d 642 (quoting *Padjen v. Shipley,* 553 P.2d 938, 939 (Utah 1976)). Thus, to challenge a land use deci-

---

1. This section of Utah's Municipal Land Use, Development, and Management Act was revised and renumbered in 2005, but the requirement that the challenging party be adversely affected by the land use decision remains unchanged. *Compare* Utah Code Ann. § 10–9a–703 (Supp. 2007) (setting forth the requirements for appealing a board of adjustment decision); Utah Code Ann. § 10–9a–801(2)(a) (Supp.2007) (setting forth the requirements for challenging any final municipal land use decision), *with* Utah Code Ann. § 10–9–708 (2003).

2. This section of Utah's Municipal Land Use, Development, and Management Act has also been revised and renumbered. *Compare* Utah Code Ann. § 10–9a–802(1)(a) (Supp.2007), *with* Utah Code Ann. § 10–9–1002(1)(a) (2003). Under the revised version, the dual standing requirements of injury and property ownership have been further emphasized. This section now only authorizes "municipalit[ies]" and "*adversely affected* owner[s]" of real estate within [a] municipality" to institute proceedings to enjoin a zoning violation. Utah Code Ann. § 10–9a–802(1)(a) (Supp.2007) (emphasis added).

sion or enjoin a zoning violation, a party must have some sort of damage that "differ[s] in kind or [is] substantially more than [the injury to] the general community." *Johnson v. Hermes Assocs., Ltd.*, 2005 UT 82, ¶ 15, 128 P.3d 1151.

¶ 11 Plaintiffs requesting declaratory relief because of zoning violations must likewise allege and prove special damages to have standing to pursue their claims. The Utah Supreme Court has unequivocally stated that a party seeking injunctive relief "must have standing to invoke the jurisdiction of the court" and that the "same jurisdictional standard applies to declaratory judgments." *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983); *see also Miller v. Weaver*, 2003 UT 12, ¶ 16, 66 P.3d 592 ("[A] declaratory judgment action may [only] be maintained by a plaintiff who can show that 'the justiciable and jurisdictional elements requisite in ordinary actions are present.'" (quoting *Lyon v. Bateman*, 119 Utah 434, 228 P.2d 818, 820 (1951))). Thus, "'[t]he threshold [jurisdictional] requirement that [a plaintiff] have standing is equally applicable whether he seeks declaratory or injunctive relief.'" *Berg v. State*, 2004 UT App 337, ¶ 6, 100 P.3d 261 (quoting *Jenkins*, 675 P.2d at 1148). From this arises "[t]he general rule ... that a party having only such interest as the public generally cannot maintain an action" for declaratory relief, but instead, "the proceeding must be initiated by one whose *special interest is affected.*" *Baird v. State*, 574 P.2d 713, 716 (Utah 1978) (emphasis added).

¶ 12 Specht claims, however, that *Culbertson v. Board of County Commissioners*, 2001 UT 108, 44 P.3d 642, stands for the proposition that standing is not a prerequisite to obtaining declaratory relief in zoning cases. In *Culbertson*, plaintiffs requested both declaratory and injunctive relief, asking the court to declare a developer's actions in violation of county zoning ordinances and order the county to enforce such ordinances. *See id.* ¶ 8. The Utah Supreme Court reversed the trial court's denial of the plaintiffs' request for declaratory relief, but conducted its analysis without addressing the issue of standing. *See id.* ¶¶ 35–38. The supreme

court discussed the issue of standing only when it subsequently addressed the denial of plaintiffs' request for injunctive relief. *See id.* ¶¶ 50–55.

¶ 13 We conclude that the supreme court's analysis in *Culbertson* does not eliminate the standing requirements for declaratory judgment actions that have been consistently reaffirmed in prior Utah case law. "In general, the court has not subsequently read a decision to work a 'sharp break in the web of the law' unless that ruling caused 'such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one.'" *State v. Baker*, 935 P.2d 503, 509 (Utah 1997) (quoting *United States v. Johnson*, 457 U.S. 537, 551, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982)). Rather, "'a break [in the law] has been recognized only when a decision *explicitly* overrules a past precedent of this [c]ourt, or disapproves a practice this [c]ourt arguably has sanctioned in prior cases.'" *Id.* (emphasis added) (quoting *Johnson*, 457 U.S. at 551, 102 S.Ct. 2579). Where the court appears to deviate from precedent but "fail[s] to explain why [it] ... abandon[ed a] long-established ... rule" developed in prior cases and also "fail[s] to cite that line of cases altogether," it is "likely that ... the court did not even realize that [it] w[as] departing from well-established Utah precedent." *State v. Menzies*, 889 P.2d 393, 399 (Utah 1994). Since the *Culbertson* court provided no explanation or acknowledgment of the long-established standing requirement for declaratory judgments, we find Specht's interpretation of *Culbertson* unpersuasive and follow the standing rule set forth in the cases cited above.

¶ 14 Under this well-established rule, Specht lacks standing to bring an action for either declaratory or injunctive relief. Specht fails to prove or even allege any special damages he has suffered due to the Board of Adjustment's decision to grant the Pyles' building permit, the Town Council's improper amendment of the setback ordinance, or the Pyles' alleged ongoing violations of the municipality's previous setback

ordinance.[3] Specht only asserts that he is a property owner in Big Water and fails to identify any injury he has allegedly suffered over and above the injury that the general Big Water community would suffer in the face of a zoning violation and an improper amendment to a zoning ordinance. Given this lack of standing, we must dismiss his appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.").

## CONCLUSION

¶ 15 Specht lacks standing because he failed to allege or prove special damages particular to himself resulting from Big Water's land use decision and the alleged zoning violations. As a result, this court lacks jurisdiction and cannot consider the merits of Specht's claims. We therefore dismiss his appeal of the district court's grant of summary judgment in favor of Big Water.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and JUDITH M. BILLINGS, Judge.

---

3. Specht also fails to make any argument that he would have standing under any alternative test. *See, e.g., Jenkins v. Swan,* 675 P.2d 1145, 1150– 51 (Utah 1983); *Sierra Club v. Utah Air Quality Bd.,* 2006 UT 74, ¶¶ 35–36, 148 P.3d 960.